IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                    Plaintiff,                                  ORDER

   v.

                                                            22-cv-462-jdp

CHRISTOPHER DROST and JAMES HAFENER,

                  Defendants.[1]

---

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman is currently incarcerated at Waupun Correctional Institution. Helmueller has filed virtually identical motions for appointment of counsel in the following cases:

- Case No. 22-cv-462-jdp, about law enforcement officers humiliating him by transporting him while he was naked.

- Case No. 22-cv-497-jdp, about police officers seizing his car without probable cause.

- Case No. 22-cv-509-jdp, about jail officials using excessive force against him and for sexually assaulting or humiliating him.

- Case No. 22-cv-693-jdp, about a jail official failing to properly treat his heart condition.

All of these motions are also virtually identical to the motion for appointment of counsel that I recently denied in one of Helmueller's other pending cases, Case No. 22-cv-556-jdp, Dkt. 30. I will deny Helmueller's current motions for the same reasons I denied his motion in the '556 case.

---

[1] The clerk of court is directed to also enter this order in Case Nos. 22-cv-497-jdp; 22-cv-509-jdp; and 22-cv-693-jdp.

Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To show that it is appropriate for the court to recruit counsel, a plaintiff must (1) show that he cannot afford a lawyer, (2) provide the names and addresses of at least three lawyers who have declined to represent him in this case; and (3) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *See, e.g., Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). Helmueller is proceeding in forma pauperis and he states that he has contacted several law firms, so he meets the first two requirements.

But I will deny Helmueller's motions because I am not convinced that his cases are too complex for him. All of these cases are in their early stages, far too early to tell whether they will truly boil down to issues so complex that they will require the recruitment of counsel. His filings in these and other cases have not shown that his abilities are below those of the hundreds of prisoners who bring civil rights cases in this court each year. His asserted lack of legal loan funds and law library access might be reasons to extend a deadline to submit a filing or to inquire further about the nature of the prison's mailing restrictions, but they are not reasons to recruit counsel.

I will deny Helmueller's motions without prejudice, which means that he can ask for counsel again if he continues to believe that he is unable to litigate a particular lawsuit himself. But if he does ask for counsel again, he will need to explain what specific litigation tasks he cannot perform himself, and why the particular lawsuit for which he seeks counsel is too

2

complex for him to litigate. Even if the court were to conclude that counsel is necessary to assist Helmueller in one case, it is highly unlikely that the court would recruit counsel for him in more than one, much less several, cases.

ORDER

IT IS ORDERED that plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman's motions for recruitment of counsel, Dkt. 21 in Case No. 22-cv-462-jdp; Dkt. 24 in Case No. 22-cv-497-jdp; Dkt. 24 in Case No. 22-cv-509-jdp; and Dkt. 31 in Case No. 22-cv-693-jdp, are DENIED without prejudice.

Entered August 2, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge